**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30075 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00017-SPW-1 |
| v. | |
| DERRICK LEE DEAN MOORE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted November 8, 2021**

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Derrick Lee Dean Moore appeals from the district court's judgment and

challenges the 12-month sentence imposed upon his fourth revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Moore contends that the district court procedurally erred by failing to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Moore's
motion to expedite this appeal without oral argument is granted.

explain its calculation of the Guidelines range and its reasons for imposing the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. Moore does not dispute that the district court calculated the correct Guidelines range. He, therefore, has not shown a reasonable probability that he would have received a different sentence if the district court had said more about how it arrived at that range. *See United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013). Moreover, the record reflects that the district court considered Moore's arguments and the applicable 18 U.S.C. § 3553(a) factors and thoroughly explained its reasons for imposing the within-Guidelines sentence, including Moore's repeated failure to comply with the terms of his supervision. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (sentencing court "need not tick off each of the § 3553(a) factors to show that it has considered them").

**AFFIRMED.**